UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  

Rev. 6/2014

------------------------------------------------------------x

**UNITED STATES OF AMERICA**

**CERTIFICATE OF ENGAGEMENT AND CRIMINAL PRE-TRIAL ORDER**

-against-

**CR- 14-00476 (S-2) (ILG)**

**ROBERT BANDFIELD and GREGG MULHOLLAND**

------------------------------------------------------------x

GLASSER, United States District Judge

This case having been assigned to me, it is ORDERED that:

1. Trial attorneys for defendant and the United States ("the government") shall appear for trial with necessary parties, witnesses and exhibits **on May 31, 2016 at 10:00 a.m**. A final pretrial conference will be held **on May 23, 2016 at 12:00 Noon**.

A request by either party for a continuance of the trial date must be by motion made pursuant to the applicable section of the Speedy Trial Act (the "Act"), authorizing the exclusion of the intervening time and the reasons in support of its application. The motion must be accompanied by the proposed Order granting it.

2. Defendant is deemed to have requested all information subject to disclosure by the government pursuant to Federal Rule of Criminal Procedure 16(a). At a time mutually agreed upon by the parties, or determined by a Magistrate Judge if the parties are unable to agree, the government shall permit the defendant to inspect and copy such information or provide copies of the same; any information obtained by electronic surveillance; and information required to be provided by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Failure of the government to comply with this order shall result in preclusion from introducing evidence not disclosed, or other appropriate sanctions.

3. Upon disclosure by the government it will be deemed to have requested all information subject to disclosure by defendant pursuant to Federal Rule of Criminal Procedure 16(b). Defendant shall, within ten days of the government's disclosure, either permit the government to inspect and copy, or provide copies of, all such material. Failure by the defendant to comply with this order shall result in preclusion from introducing evidence not disclosed.

4. At least ten days before trial (a) notice pursuant to Federal Rules of Evidence, Rules 804(b) and 807, shall be given, and (b) the parties shall furnish each other with the names of expert witnesses to be called at trial, with a detailed summary of their testimony and with any material to be relied upon pursuant to Federal Rules of Evidence, Rule 803(18). The detailed summary must include any testimony the defendant intends to use at trial under Federal Rules of

Evidence 702, 703, or 705. The detailed summary must also comport with the disclosure requirements of Federal Rule of Criminal Procedure 16(b), and describe the witnesses' opinions, the bases and reasons for these opinions, and the witnesses' qualifications as detailed in United States v. Jasper, 2003 WL 223212, at *2-5 (S.D.N.Y. Jan. 31, 2003). Failure to comply with this order or delay in producing the written summary of any expert witness's testimony shall result in preclusion from introducing evidence not disclosed.

        5. Upon written demand of the government, stating the time, date and place at which the alleged offense was committed, defendant shall serve it within ten days, a written notice of an intention to offer a defense of alibi. The notice shall state the specific place or places at which defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom defendant intends to rely to establish such alibi. Within ten days thereafter, but in no event less than ten days before trial, the government shall serve upon defendant, or defendant's attorney, a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish defendant's presence at the scene of the alleged offense and any other witnesses who may be called to rebut testimony of any of defendant's alibi witnesses. Upon failure of either party to comply with this order, the Court may exclude the testimony of any undisclosed witness offered by such party as to defendant's alibi. This order shall not limit the right of defendant to testify.

        6. The government is urged to exercise its discretion to provide defendant in advance of trial with copies of all material described in Section 3500 of Title 18 of the United States Code. After each witness called by the government has testified on direct examination, defendant will be deemed to have made a motion, pursuant to Section 3500(b) of Title 18 of the United States Code, for all such material relating to the subject matter of the testimony of that witness.

        7. If prior to, or during trial, a party learns of the identity of any witness or the existence of any material which, if known, should have been disclosed pursuant to this order the other party shall be promptly notified.

        8. At least five days before trial, all parties shall exchange and file with the court:

        (A) voir dire requests;

        (B) requests to charge without prejudice to the right to submit additional requests to charge, the need for which was not apparent prior to trial;

        (C) trial briefs discussing any significant issue of substantive law or evidence which either party anticipates will be raised at the trial.

        9. At least ten days before trial, the parties shall notify the Court in writing of the nature of any motions, which may be made *in limine*. Any hearing on such motions will proceed immediately prior to commencement of the trial unless good cause for an expedited hearing is shown by letter to the Court.

10. The parties shall file and serve any motions, fully briefed, which must be made as provided in Rule 12(b)(3)(A) - (E) Fed. R. Cr. Pr. at least 10 days before trial.

11. Trial attorneys for the government and defendant shall meet before trial at places and times agreed upon by them to endeavor to stipulate facts and to narrow or resolve issues prior to trial. Such stipulations shall be filed promptly with the Court.

12. In the event that any time period for pre-trial discovery provided in this order is too short, the parties may stipulate in writing to an appropriate schedule without the consent of the Court, provided the trial date will not be affected. Where the parties cannot agree upon such a schedule, the Magistrate Judge shall resolve the dispute.

13. Defendants are required to appear at all stages of the proceeding, unless excused from appearance by the Court with the consent of the government. Failure to comply with this paragraph may result in revocation of bail.

It is certified that the attorneys in this case shall be required to appear in this Court on the trial date stated above.

The clerk shall make copies of this Order and serve it upon the attorneys for the parties and upon the defendant if he appears *pro se*.

SO ORDERED.

Dated: Brooklyn, New York
April 21, 2016

I. Leo Glasser
United States District Judge