COURT'S
EXHIBIT NO.
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____

JMK:WMP/MTK/BDM
F. #2013R00505

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA                     PLEA AGREEMENT

      - against -

                                    14 CR 476 (ILG) (S-2)

GREGG MULHOLLAND,

           Defendant.

– – – – – – – – – – – – – – – – X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States

Attorney's Office for the Eastern District of New York (the "Office") and GREGG

MULHOLLAND (the "defendant") agree to the following:

        1.      The defendant will plead guilty to Count Three of the above-captioned

second superseding indictment, which count charges money laundering conspiracy, a violation of

18 U.S.C. § 1956(h). The count carries the following statutory penalties:

        a.      Maximum term of imprisonment: 20 years
                (18 U.S.C. § 1956(a)(1).

        b.      Minimum term of imprisonment: 0 years
                (18 U.S.C. § 1956(a)(1)).

        c.      Maximum supervised release term: 3 years, to follow any term of
                imprisonment; if a condition of release is violated, the defendant
                may be sentenced to up to 2 years without credit for pre-release
                imprisonment or time previously served on post-release
                supervision
                (18 U.S.C. § 3583 (b) & (e)).

        d.      Maximum fine: $250,000
                (18 U.S.C. § 1956(a)(1)).

e.   Restitution: Mandatory, in an amount to be determined by the Court at sentencing
(18 U.S.C. § 3663A).

f.   Criminal forfeiture: as set forth in paragraphs 6 through 12 below
(18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p)).

g.   $100 special assessment
(18 U.S.C. § 3013).

h.   Other penalties: Administrative bar and/or enforcement proceedings brought by the U.S. Securities and Exchange Commission including, but not limited to, disgorgement of ill-gotten gains and civil penalties.

2.   The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case.  The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence.  See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").  The Office estimates the likely adjusted offense level under the Guidelines to be 40, which is predicated on the following Guidelines calculation:

|  |  |  |
|---|---|---|
| | Base Offense Level (§ 2S1.1(a)(2)) | 8 |
| Plus: | Gain of More than $250,000,000 (§ 2B1.1(b)(1)(O)) | +28 |
| Plus: | Involved 10 or More Victims (§ 2B1.1(b)(2)(A)(i)) | +2 |

| Plus: | Substantial Part of the Scheme was Committed from Outside the United States (§ 2B1.1(b)(10)(B)) | +2 |
|---|---|---|
| Total: | | 40 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 38 and a range of imprisonment of 235-240 months due to the applicable maximum sentence, assuming that the defendant falls within Criminal History Category I.  Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before May 9, 2016 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 37.  This level carries a range of imprisonment of 210-240 months due to the applicable mandatory maximum sentence, assuming that the defendant falls within Criminal History Category I.  The defendant stipulates to the above Guidelines calculation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government and the defendant agree to recommend to the Court that the defendant be sentenced to a term of imprisonment of 12 years or 144 months.

3.      The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court.  If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4.      The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below.  This waiver is

3

binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

        5.      The Office agrees that no further criminal charges will be brought against the defendant for his participation in criminal activity involving: (i) the fraudulent manipulation of the securities of publicly-traded companies for the period January 2009 through September 2014, (ii) the non-payment of taxes in connection with the proceeds derived from the fraudulent stock manipulation schemes, and (iii) the laundering of the proceeds derived from the fraudulent stock manipulation schemes, all as set forth in the second superseding indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the second superseding indictment and any underlying indictments, with prejudice. Should it be judged by the Office that the defendant has violated

4

any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of this paragraph.

      6. The defendant acknowledges that property is subject to forfeiture as a result of his violation of 18 U.S.C. § 1956(h) as alleged in the superseding indictment. Pursuant to 18 U.S.C. § 982(a)(1), the defendant consents to the forfeiture of all right, title and interest in the property listed in Exhibit A (the "Forfeited Assets"), as property, real or personal, involved in a violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets pursuant to 21 U.S.C. § 853(p). The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the Forfeited Assets. The defendant further consents to have the Preliminary Order of Forfeiture made final at any time before sentencing pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure.

      7. The defendant agrees not to file a claim, or assist another person or entity to file a claim contesting the forfeiture of the Forfeited Assets in any administrative or judicial proceeding. Further, if any third party files a claim to any of the Forfeited Assets, the defendant shall assist the government in defending such claim. The defendant agrees to fully assist the United States in forfeiting the Forfeited Assets by, among other things, executing any and all documents necessary to effectuate the immediate forfeiture of all right, title and interest in the Forfeited Assets to the United States.

      8. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to

accomplish same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. The defendant consents to the forfeiture of any other property of his, up to the value of Forfeited Assets not forfeited, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

9.      The defendant has disclosed to the government all assets in which he holds an interest in a sworn financial statement entitled "United States Department of Justice Financial Statement" dated May 9, 2016 (hereinafter, the "Financial Statement"). The defendant agrees that a failure to disclose assets on the Financial Statement may constitute a material breach of this agreement. Further, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any, as assets that constitute or are derived from the proceeds of his offense. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives the right to any required notice concerning the forfeiture of said assets.

10.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6

11.     The defendant agrees that the forfeiture of the Forfeited Assets is not to be considered payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.  The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the Forfeited Assets through commencement of an administrative or civil judicial proceeding.

12.     This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13.     Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior

promises, agreements or conditions between the parties.  To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
            May 9, 2016

                                        ROBERT L. CAPERS
                                        United States Attorney
                                        Eastern District of New York

                        By:       _____
                                        Winston M. Paes
                                        Michael T. Keilty
                                        Assistant United States Attorneys

                                        Approved by:

                                        _____
                                        Jacquelyn M. Kasulis
                                        Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney.  I understand all of its terms and am entering into it knowingly and voluntarily.

_____
GREGG MULHOLLAND
Defendant

Approved by:

_____
James Kousouros, Esq.
Counsel to Defendant

8

EXHIBIT A

ONE DASSAULT-BREGUET FALCON 50 AIRCRAFT BEARING SERIAL NUMBER 093 AND REGISTRATION NUMBER N868BT, AND ALL LOG BOOKS AND MAINTENANCE RECORDS PERTAINING THERETO;

ONE RANGE ROVER DEFENDER VEHICLE LOCATED IN SHIPPING CONTAINER NUMBER CONSIGNED TO OR ON BEHALF OF GREGG MULHOLLAND;

ANY AND ALL PROCEEDS FROM THE SALE OF THE REAL PROPERTY AND PREMISES LOCATED AT 30302 MALASPINA ROAD, SAN JUAN CAPISTRANO, CALIFORNIA 92675 RECEIVED BY OR TRANSFERRED THROUGH HONG KONG ATTORNEY RAYMOND CHU FROM DIRECTION LLP, AND ALL PROCEEDS TRACEABLE THERETO;

THE REAL PROPERTY AND PREMISES LOCATED AT 3630 MATHERS AVENUE, WEST VANCOUVER, BRITISH COLUMBIA V7V 2LI;

THE REAL PROPERTY AND PREMISES LOCATED AT 2978 HIGH POINT DRIVE, WHISTLER, BRITISH COLUMBIA V0N 1B2, TOGETHER WITH ANY AND ALL PROCEEDS FROM THE SALE THEREOF;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011112735 HELD IN THE NAME OF IPC CORPORATE SERVICES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011167150 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011152624 HELD IN THE NAME OF ALTRIX CAPITAL LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011147582 HELD IN THE NAME OF MARIAH INTERNATIONAL LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER SV022-27984 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER SV032-00740 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER TD023-08931 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER TD203-09046 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CALEDONIAN GROUP SERVICES LIMITED ACCOUNT NUMBER 172570004 HELD IN THE NAMES OF TITAN INTERNATIONAL SECURITIES, INC., AND LEGACY GLOBAL MARKETS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN PAYPAL ACCOUNT NUMBER 2099820869655077575 HELD IN THE NAME OF INTERNATIONAL PRIVACY CORPORATION, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER 485005922520 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN WELLS FARGO BANK, NA ACCOUNT NUMBER 8711761661 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC D/B/A INTERNATIONAL PRIVACY CORPORATION (IPC) CORPORATE SERVICES, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CITIBANK, NA ACCOUNT NUMBER 0500387295 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC D/B/A INTERNATIONAL PRIVACY CORPORATION (IPC) CORPROATE SERVICES, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT SECURITIES LIMITED ACCOUNT NUMBER A0173401 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT ASSET CLEARING ACCOUNT NUMBER A0059568 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT ASSET CLEARING ACCOUNT NUMBER A0068841 HELD IN THE NAME OF LEGACY GLOBAL MARKETS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERMES BANK ACCOUNT NUMBER 011002000153202 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERMES BANK ACCOUNT NUMBER 011002000180716 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

2

ANY AND ALL FUNDS ON DEPOSIT IN FIRST CARIBBEAN INTERNATIONAL BANK ACCOUNT NUMBER 102186247 HELD IN THE NAME OF TIGER PARTNERS, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN SAXO BANK ACCOUNT NUMBER 179638 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN SAXO BANK ACCOUNT NUMBER 176862INET HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704871 HELD IN THE NAME OF BELLE ISLE INVESTMENTS LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704856 HELD IN THE NAME OF VISTA MERCANTILE, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704906 HELD IN THE NAME OF TIMELINE PROPERTIES, INC., AND ALL PROCEEDS TRACEABLE THERETO; and

ANY AND ALL FUNDS AND SECURITIES ON DEPOSIT IN VIEWTRADE SECURITIES, INC. ACCOUNT NUMBER 717-10389-1-7 BCR HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO.