# EXHIBIT D

U.S.A. v. Gregg  Mulholland
**Docket No: 14-CR-476**
**Sentence Date: October 27, 2016**

## ADDENDUM TO THE PRESENTENCE REPORT

### Objections

### By the Government

As of this writing, the Government has not submitted an objection letter; however, subsequent to disclosure of the presentence report (PSR), the Government notified the Probation Department that they believed the PSR contained an error in that mandatory restitution was not included. The Government indicated that they believe that restitution should be ordered in this case for several reasons.

First, the Government identified and provided to the Probation Department a list of approximately 5,000 victims from the fraudulent manipulation of Vision Plasma Systems, Inc. stock (Count Four) and CYNK Technology Corp. stock (Count Five), which traded under the ticker symbols "VLNX" and "CYNK," respectively. These victim-investors suffered pecuniary harm as a result of the defendant's fraudulent market manipulation scheme.

Second, the money laundering conspiracy that Mulholland participated in is clearly an offense which contains "as an element a scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663A(a)(2). Mulholland pled guilty to laundering proceeds from a scheme to commit securities fraud over a period of approximately five years. Thus, it is the Government's position that the specified unlawful activity in this case, securities fraud, clearly fits within the ambit of the Mandatory Victim's Restitution Act (MVRA)            .

Third, the plain language of the money laundering statute demonstrates that Congress contemplated that restitution would be appropriate in certain cases. Indeed, the money laundering statute states, in relevant part, that  a "court may appoint a Federal Receiver . . . to collect, marshal, and take custody, control, and possession of all assets of the defendant . . . including an order of restitution to any victim of a specified unlawful activity." 18 U.S.C. § 1956(b)(4)(A).

Both the MVRA and Victim Witness Protection Act (VWPA) allow for restitution in cases "without regard to whether the particular criminal conduct of the defendant which directly harmed the victim was alleged in a count to which a defendant pled guilty, or was even charged in the indictment." United States v. Donaghy, 570 F. Supp.2d 411, 425 (E.D.N.Y. 2008) (quoting United States v. Hensley, 91 F.3d 274, 277 (1st Cir. 1996). Here, the Government contends that victims suffered harm from Mulholland's fraudulent scheme to manipulate securities. This scheme is alleged in Counts One, Four and Five of the second superseding indictment. However, the defendant pled guilty to Count Three of the second superseding indictment, which charges a money laundering conspiracy.

In conclusion, the Government has identified victims who suffered actual pecuniary harm as a direct and proximate result of the defendant's actions in the securities fraud scheme. Accordingly, it is the Government's position that restitution should be ordered in this case.

The Probation Department agrees that while the investors in VLNX and CYNK were undoubtedly victims of the defendant's securities fraud, and as demonstrated by the Government, suffered pecuniary harm, it is not clear they were victims of the convicted conduct, money laundering, wherein the "victim" is society at large. The Government provided documents reflecting approximately 400 victim investors, including names and addresses of the CYNK scheme, and indicating the total shares purchased, the first trade date, the most recent trade date and the net profits through November 20, 2014, which yielded a total net profit of -$2,262,037. Documentation of approximately 5,000 victim investors of the VLNX scheme, indicated names and addresses, the total shares purchased, the first trade date, the most recent trade date and the net profits through November 20, 2014, yielding a total net profit of -$50,663,954.80.

### By the Defendant

We are in receipt of the defendant's pro-se letter, dated September 13, 2016, objecting to the presentence report (PSR). Each of these objections will be addressed in turn.

First, the defendant objects to the PSR using the Guideline 2S1.1(a)(1) to determine the base offense level, stating that "without any explanation, Probation used section 2S1.1(a)(1) to determine the sentencing range (¶ 51). This error is significant since sections 2S1.1(a)(1) applies only to defendants who are, in fact, "direct money launderers" (i.e. also responsible for the underlying offense)." The PSR, at ¶ 51, explains why the Probation Department determined that the correct guideline was 2S1.1(a)(1) and not guideline 2S1.1(a)(2). The underlying offense is the offense which produced the laundered funds. In this case, the underlying offense, which could be established with reasonable certainty, was securities fraud. The defendant and others were clearly responsible for the securities fraud, thus, the Probation Department contends that the correct Guideline, 2S1.1(a)(1), was used (see Application Note 2(B) of Guideline 2S1.1).

Second, regarding the reliance on Gain as alternative to loss, the Probation Department consulted with the Government during preparation of the PSR. The Government advised that loss in this case could not reasonably be determined for the reasons set forth in the PSR (complexity of market forces and the large number of victims); thus, gain was used as an alternative to loss, per Application Note 3(B) of Guideline 2B1.1. It is noted that the defendant agreed to the use of gain to calculate the estimated offense calculation (paragraph 2 of the plea agreement).

Finally, the defendant states that although the PSR properly indicates that the defendant agreed to forfeiture, this agreement resulted from the advice of discharged counsel. The PSR remains unchanged as to this objection, unless the plea agreement is formally withdrawn.

RESPECTFULLY SUBMITTED:

EILEEN KELLY
CHIEF U.S. PROBATION OFFICER

Prepared By:

_____

Roberta Houlton
U.S. Probation Officer
347-534-3731

Approved by:

_____

Carmen Leichtle
Supervisory U.S. Probation Officer
Date: September 29, 2016