JMK:WMP/MTK/BDM
F. #2013R00505

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------X

UNITED STATES OF AMERICA

- against -

GREGG MULHOLLAND,

Defendant.

------------------X

PRELIMINARY
ORDER OF FORFEITURE

14 CR 476 (ILG)(S-2)

WHEREAS, on or about May 9, 2016, GREGG MULHOLLAND (the "defendant"), entered a plea of guilty to Count Three of the above-captioned Indictment, which charges money laundering conspiracy in violation of 18 U.S.C. § 1956(h); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of all right, title and interest in the property listed in Exhibit A hereto (the "Forfeited Assets"), as property, real or personal, involved in a violation of 18 U.S.C. § 1956(h), or property traceable thereto; and/or pursuant to 21 U.S.C. § 853(p) as substitute assets.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States all right, title and interest in the Forfeited Assets, pursuant to 982(a)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2. Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Forfeited Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of Forfeited Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice. or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Assets passes to the United States, including the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. Further, if any third party files a claim to the Forfeited Assets, the defendant will assist the government in defending such claims. If the Forfeited Assets are not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeited Assets, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order is hereby made final as to the defendant, and be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order, together with Supplemental

Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Forfeited Assets and the entry shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

10. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Order shall be final and binding only upon the Court "so ordering" the order.

12. The Court shall retain jurisdiction over this action to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Law Clerk, Alexander Teichman,

United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
May 9th, 2016

SO ORDERED:

s/I. Leo Glasser, USDJ
HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

EXHIBIT A

ONE DASSAULT-BREGUET FALCON 50 AIRCRAFT BEARING SERIAL NUMBER 093 AND REGISTRATION NUMBER N868BT, AND ALL LOG BOOKS AND MAINTENANCE RECORDS PERTAINING THERETO;

ONE RANGE ROVER DEFENDER VEHICLE LOCATED IN SHIPPING CONTAINER NUMBER CONSIGNED TO OR ON BEHALF OF GREGG MULHOLLAND;

ANY AND ALL PROCEEDS FROM THE SALE OF THE REAL PROPERTY AND PREMISES LOCATED AT 30302 MALASPINA ROAD, SAN JUAN CAPISTRANO, CALIFORNIA 92675 RECEIVED BY OR TRANSFERRED THROUGH HONG KONG ATTORNEY RAYMOND CHU FROM DIRECTION LLP, AND ALL PROCEEDS TRACEABLE THERETO;

THE REAL PROPERTY AND PREMISES LOCATED AT 3630 MATHERS AVENUE, WEST VANCOUVER, BRITISH COLUMBIA V7V 2LI, AND ALL PROCEEDS TRACEABLE THERETO;

THE REAL PROPERTY AND PREMISES LOCATED AT 2978 HIGH POINT DRIVE, WHISTLER, BRITISH COLUMBIA V0N 1B2, TOGETHER WITH ANY AND ALL PROCEEDS FROM THE SALE THEREOF;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011112735 HELD IN THE NAME OF IPC CORPORATE SERVICES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011167150 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011152624 HELD IN THE NAME OF ALTRIX CAPITAL LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011147582 HELD IN THE NAME OF MARIAH INTERNATIONAL LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER SV022-27984 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER SV032-00740 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER TD023-08931 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER TD203-09046 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CALEDONIAN GROUP SERVICES LIMITED ACCOUNT NUMBER 172570004 HELD IN THE NAMES OF TITAN INTERNATIONAL SECURITIES, INC., AND LEGACY GLOBAL MARKETS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN PAYPAL ACCOUNT NUMBER 2099820869655077575 HELD IN THE NAME OF INTERNATIONAL PRIVACY CORPORATION, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER 485005922520 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN WELLS FARGO BANK, NA ACCOUNT NUMBER 8711761661 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC D/B/A INTERNATIONAL PRIVACY CORPORATION (IPC) CORPORATE SERVICES, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CITIBANK, NA ACCOUNT NUMBER 0500387295 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC D/B/A INTERNATIONAL PRIVACY CORPORATION (IPC) CORPROATE SERVICES, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT SECURITIES LIMITED ACCOUNT NUMBER A0173401 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT ASSET CLEARING ACCOUNT NUMBER A0059568 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT ASSET CLEARING ACCOUNT NUMBER A0068841 HELD IN THE NAME OF LEGACY GLOBAL MARKETS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERMES BANK ACCOUNT NUMBER 011002000153202 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERMES BANK ACCOUNT NUMBER 011002000180716 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN FIRST CARIBBEAN INTERNATIONAL BANK ACCOUNT NUMBER 102186247 HELD IN THE NAME OF TIGER PARTNERS, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN SAXO BANK ACCOUNT NUMBER 179638 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN SAXO BANK ACCOUNT NUMBER 176862INET HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704871 HELD IN THE NAME OF BELLE ISLE INVESTMENTS LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704856 HELD IN THE NAME OF VISTA MERCANTILE, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704906 HELD IN THE NAME OF TIMELINE PROPERTIES, INC., AND ALL PROCEEDS TRACEABLE THERETO; and

ANY AND ALL FUNDS AND SECURITIES ON DEPOSIT IN VIEWTRADE SECURITIES, INC. ACCOUNT NUMBER 717-10389-1-7 BCR HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO.